IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MAX INTERNATIONAL, LLC, a Utah limited liability company,<br><br>      Plaintiff,<br>v.<br><br>VITIMMUNE, INC., a Florida Corporation dba Robkeller.com,<br>      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:11-cv-00970-DN<br><br>Magistrate Judge David Nuffer |

  Plaintiff Max International, LLC's (Max) Motion for Leave to File Amended Complaint[1] (Motion to Amend) is before the magistrate judge.  The magistrate judge has carefully reviewed the motions, memoranda, relevant legal authorities and other materials submitted by the parties.  For the reasons set forth below, Max's Motion to Amend is DENIED.

## Introduction

  On February 2, 2012, this court granted VitImmune, Inc's (VitImmune) Motion to Dismiss.[2]  The Order of Dismissal concluded that Max failed to state a claim upon which relief could be granted because the plain language of the parties' settlement agreement, the controlling document in the case, rebutted Max's claims in the Complaint.  After the court dismissed the Complaint, Max filed its Motion to Amend, asking the court to consider additional allegations.

## Discussion

  Max argues its motion should be granted because the court's Order of Dismissal does not consider Plaintiff's claim that the parties' settlement agreement prohibits VitImmune from

---

[1] Motion for Leave to File Amended Complaint (Motion to Amend), docket no. 22, filed February 7, 2012.

[2] Memorandum Decision and Order Granting Motion to Dismiss (Order of Dismissal), docket no. 21, filed February 2, 2012.

selling products containing glutathione technology to "affiliates" who then attempt to resell the product.[3]  This is incorrect.  The Order of Dismissal considered and discussed this claim at length, concluding: "The plain language of the Settlement Agreement makes clear that the parties intended, in no uncertain terms, to enter into a 'non-exclusive' agreement and that VitImmune could market the glutathione technology at its own discretion."[4]  Thus, the Motion to Amend does not survive on the grounds that the court failed to address this argument.

Max argues that its motion should be granted because its "new claims were unknown to MAX at the time of the *original filing* herein."[5]  While it may be true that Max learned new information after it filed its original Complaint in October of 2011, Max was free to amend its Complaint as a matter of course within 21 days after service of VitImmune's Motion to Dismiss.[6]  Max could have amended as late as mid-December 2011.  And Max could have sought leave to amend any time the Motion to Dismiss was under consideration.  However, Max decided to wait until the case was over to attempt to amend its Complaint.  By waiting until the case was dismissed, Max assumed the risk of completely forfeiting the opportunity to amend.  "If a party seeks to amend a pleading following the court's grant of a motion to dismiss, the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend pursuant to the standards set out in Fed. R. Civ. P. 7."[7]

Courts have "consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter *prior*

---

[3] Motion to Amend at 1.

[4] Order of Dismissal at 4.

[5] Motion to Amend at 2 (emphasis added).

[6] *See* Fed. R. Civ. P. 15(a)(1)(B).

[7] *Calderon v. Kan.  Dep't of Soc. & Rehab.Servs.,* 181 F.3d 1180, 1185 (10th Cir. 1999).

*to the trial court's merits ruling*."[8]  Max fails to clearly make this showing.  Nothing in its Motion to Amend establishes that new information was discovered after February 2, 2012, when the Order of Dismissal was entered.  Therefore, Max's contention that it should be allowed to amend its Complaint is unconvincing.  "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."[9]

Moreover, Max's Motion to Amend fails under the local rules.  Local rules provide that each motion "must be accompanied by a memorandum of supporting authorities that is filed or presented with the motion."[10]  The use of the word "must" indicates that this requirement is non-discretionary.  Therefore, denial of Max's Motion to Amend is proper simply because the motion was not accompanied by a supporting memorandum.[11]

Finally, even if Max were able to remedy the aforementioned shortcomings (which it cannot), its Amended Complaint would still fail substantively.  Max raises seven causes of action in its Amended Complaint.  Max's first three causes of action are essentially identical to the three causes of action that were raised in the original Complaint and rejected by the Order of Dismissal.  Although Max would argue that its "affiliate" argument is new, this argument was previously made in the original Complaint[12] and rejected by the court in its Order of Dismissal.[13]

The four remaining common-law causes of action in the proposed Amended Complaint fail because they do not allege an amount in controversy exceeding $75,000.00, as required in a

---

[8] *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) (emphasis added).

[9] *Id.* at 1087.

[10] DUCiv R 7-1(b)(1).

[11] *See D G Shelter Prods. Co. v. Forest Prods. Co.,* 769 F.2d 644 (10th Cir. 1985) (upholding the grant of summary judgment based upon a similar rule).

[12] *See* Complaint at 2.

[13] Order of Dismissal at 3–4.

case within the court's diversity jurisdiction.[14] Although Max seeks punitive damages in excess of $10,000,000 for its third cause of action, that claim fails along with its first two claims as discussed above. In each of the four new causes of action Max seeks actual and compensatory damages of an unspecified amount and punitive damages "not less than $10,000."[15] Therefore, the total amount in controversy for the four new claims in the proposed Amended Complaint is $40,000.00. Even assuming these claims to be cumulative, the total amount in controversy does not exceed $75,000.00, so Max's proposed new claims fail to allege the requisite amount in controversy for diversity jurisdiction.

VitImmune's request for attorney's fees in its Opposition Memorandum is GRANTED as provided herein. IT IS FURTHER ORDERED that on or before March 23, 2012, VitImmune may file a motion for its costs and expenses including reasonable attorney's fees incurred, and on or before March 30, 2012, any response may be filed.

## ORDER

For the foregoing reasons, Max's Motion to Amend[16] is DENIED.

Signed March 12, 2012.

                      BY THE COURT

                      _____
                      Magistrate Judge David Nuffer

---

[14] *See* 28 U.S.C. § 1332.

[15] *See* Amended Complaint at 10, attached as Exhibit 1 to Motion to Amend.

[16] Motion to Amend, docket no. 22, filed February 7, 2012.